UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB EDWARD FISCHER,

    Plaintiff,

    v.

SABERHAGEN HOLDINGS, INC., et al.,

    Defendants.

Case No. C09-5385RJB

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

    This matter comes before the court on Plaintiff's Motion for Reconsideration (Dkt. 20). On November 4, 2009, the court *sua sponte* issued an Order Re: Plaintiff's Motion for Partial Summary Judgment and Remand (Dkt. 19), striking plaintiff's pending Motion for Partial Summary Judgment and Remand (Dkt. 16), thereby deferring to the Multi-District Litigation Panel, which also has proceedings pending. Plaintiff asks that the court reconsider its Order (Dkt. 19) and expeditiously rule on the plaintiff's Motion for Partial Summary Judgment and Remand. The court had carefully considered all documents filed in support of and in opposition to Plaintiff's Motion for Reconsideration, and has reviewed the entire file. For the reasons stated below, the Motion for Reconsideration should be denied.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 1

Preliminarily, the court notes that the briefing on this Motion for Reconsideration has been marked by *ad hominem* attacks by both counsel on the motives and litigation strategy of the other. Such attacks are not helpful and briefing should be much less *ad hominem* and limited to *ad lex, ad facta*, and *ad facta juridicum*.

The court is acutely aware that, on occasion, when cases are transferred to the Multi-District Litigation Panel under 28 U.S.C. § 1407, they seem to fall into a dark procedural hole with much resulting delay. The desire for speedy resolution of a case, standing alone, is not a sufficient reason to avoid the Multi-District Litigation procedure.

Plaintiff is unduly optimistic in hoping for a favorable ruling on his Motion for Partial Summary Judgment and Remand (Dkt. 16) on or shortly after the noting date. If this court were to rule on that motion in the ordinary course of business, the ruling probably would not have been issued until well after the hearing date set in the Multi-District Litigation proceedings of November 19, 2009.

Clearly, in deciding to strike the plaintiff's motion from its current calendar, the court was deferring to the Multi-District Litigation Panel, which has a transfer pending. Under 28 U.S.C. § 1407, the Multi-District Litigation Panel is only to make transfers that "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Cases that have considered § 1407 and its purposes indicate that the purposes include the just, speedy and inexpensive determination of the action, avoiding repetition and duplicative discovery, and avoiding injury to like parties caused by inconsistent judicial treatment. (*See* 28 U.S.C.A. § 1407.) This court believes that the Judicial Panel on Multi-District Litigation is in a better position than a trial court with an individual case pending to determine whether, under all the circumstances, it is appropriate to transfer the case to the Multi-District Litigation Panel. That Panel has the big picture, nationally, of similar cases. If, in its wisdom, the Panel remands the case to this court, it will get prompt attention. Any decisions of this court are properly delayed until the Multi-District Litigation Panel

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION - 2

1 determines whether a transfer will serve the convenience of the parties and witnesses and promote
2 the just and efficient conduct of the case.

Accordingly, it is now

ORDERED that plaintiff's Motion for Reconsideration (Dkt. 20) is DENIED.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 19th day of November, 2009.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge